IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

December 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | For Publication |
| | ) | |
| Appellee, | ) | Filed: |
| | ) | |
| v. | ) | Shelby County |
| | ) | |
| ANDRE S. BLAND, | ) | Hon. Arthur T. Bennett, Judge |
| | ) | |
| Appellant. | ) | No. 02-S-01-9603-CR-00032 |


SEPARATE CONCURRING AND DISSENTING OPINION


I concur, in principle, with Justice Reid's dissent.  I would, however, increase the pool of similar cases to include all cases in which a trial judge's report is required by Supreme Court Rule 12.[1]  The majority chose to exclude from the proportionality review pool all cases in which the State did not seek the death penalty and all cases in which no capital sentencing hearing was held.  In my view, this exclusion discourages a more meaningful proportionality analysis.


Defendants are often convicted of first degree murder after a trial in which the prosecution, for whatever reason, did not seek the death penalty.  The pool defined by the majority would exclude such cases.  However, cases in which the death penalty is not sought are equally relevant to proportionality as cases in which the death penalty is sought.  Without all first degree murder

---

[1]I interpret Rule 12 to require a report in all cases in which the defendant is convicted of first degree murder, regardless of whether the State seeks the death penalty.

convictions included in the pool, it would be, in my opinion, quite difficult to conduct the proportionality review as required by Tenn. Code Ann. § 39-13-206(c)(1)(Supp. 1996). Thus, because of my view that the pool of similar cases as described by the majority is too narrow, I respectfully dissent from that part of the majority opinion.

I agree with the majority that the evidence is sufficient to support the jury's finding of premeditation and torture. Further, I agree that the evidence is sufficient to support the jury's finding that the aggravating circumstances outweigh the mitigating circumstances. However, like Justice Reid, I would find the death sentence disproportionate in this case.

_____
ADOLPHO A. BIRCH, JR., Justice